THE FIRST PRESBYTERIAN SOCIETY OF THE TOWN OF CHILI, PLAINTIFF, *v.* BENJAMIN F. BOWEN, AS EXECUTOR, ETC., OF JOHN BOSWELL, DECEASED, AND OTHERS.

*A bequest to an unincorporated association or society is void—there can be no valid trust without a certain donee or beneficiary.*

CONTROVERSY submitted upon agreed facts, under section 1279 of the Code of Civil Procedure.

The plaintiff is a religious corporation, having a house of worship in the town of Chili, Monroe county. The defendant Bowen is the executor of the will of John Boswell, deceased, and the other defendants are residuary legatees under the will of the deceased. The will contained the following clause, viz.: "I give and bequeath . . to the Presbyterian Church in Chili, in which I worship, $2,000, to be used as a permanent fund for the support of the Gospel. I give to the Presbyterian Cemetery $1,000, as a permanent fund, the interest to be used when needed to improve the ground, or fencing, provided always that one-fourth of the amount shall be raised from those having charge of the cemetery. If one-fourth is not raised when required, I require the interest to be applied to support the church in the administration of the Gospel." The plaintiff claimed to be entitled to the $1,000 legacy and the custody thereof; while he residuary legatees claim that the bequest was void and that they were entitled to receive the said sum. The executor asked to be instructed by the court as to the proper disposition to be made by him of such funds.

The plaintiff is a religious corporation duly organized under the laws of the State of New York, and owns the fee of certain lands in the town of Chili, adjoining their house of worship, which lands, with other, have been for many years, and now are, occupied for the purposes of a cemetery or burial-place for the dead. The land has been fenced, improved, and kept in order by the labor and contributions of many citizens of the neighborhood, some of whom were members of the said church and congregation, and others of whom were not; and citizens who were not members of the said church or

congregation, as well as those who were, have been accustomed to bury their dead in the said cemetery grounds, which have for many years been known as The Presbyterian Cemetery. There is not in the said town any corporation known to the law as " The Presbyterian Cemetery of the town of Chili," and never was.

For many years prior to his death the said John Boswell was one of the trustees of the plaintiff's society, and as such acted in the purchase, laying out, and care of the said grounds. On one occasion, a few years before his death, he told persons who were, like himself, interested in keeping up the said cemetery, that he intended to leave something by his will for the care and keeping up the cemetery grounds and to make it a condition of the use of that fund, that others should raise money for the same purpose. The competency of proof of this fact was objected to by the defendant.

The court at General Term said : " The bequest of $1,000 to the Presbyterian Cemetery must fail, as there was no corporation by that name. As a voluntary unincorporated association it is incapable of taking. (*Downing* v. *Marshall*, 23 N. Y., 382 ; *Owens* v. *Missionary Society*, 14 Id., 380 ; *Sherwood* v. *American Bible Society*, 1 Keyes, 561 ; *McKeon* v. *Kearney*, 57 How. Pr., 350 ; *Betts* v. *Betts*, 4 Abb. New Cas., 403 ; *Leonard* v. *Davenport*, 58 How. Pr., 384 ; *White* v. *Howard*, 46 N. Y., 144.) Nor can the plaintiff take the bequest as a secondary beneficiary. As there was no legal legatee to receive it, and to ascertain whether the condition would be complied with, or to keep the body of the bequest, there was no legatee capable of applying the income to the supposed secondary purposes. The will entirely fails to name a *trustee* to take the bequest, and it is well settled that there can be 'no valid trust unless there be a certain donee or beneficiary.' Looking into the surrounding circumstances to ascertain the intent of the testator, in using the language found in his will, as in *Lefevre* v. *Lefevre* (59 N. Y., 440), we find that the testator had just before evinced his testamentary disposition towards the plaintiff, the church, by giving it $2,000, and then he called to mind the cemetery association, and undertook to provide for it, as a separate and independent legatee ; and though we may assume his intent was clear in respect to it, he failed to

carry out that intent by a proper designation of a recipient capable in law of receiving, expending and applying the fund named. Nor is this such a charitable bequest as this court can execute. (*Bascom v. Albertson*, 34 N. Y., 585.)

" We therefore must order judgment for the defendants, declaring the bequest void."

*S. D. Bentley*, for the plaintiff.

*J. A. Stull*, for the defendant.

Opinion by HARDIN, J.; TALCOTT, P. J., and SMITH, J., concurred.

Judgment ordered for defendants, and fund ordered to be paid to the residuary legatees, with costs to the defendants, to be paid out of the fund.